IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Christa Shimeka Goldbird**                                                                **Plaintiff**

v.                              No. 4:15-CV–060-SWW-JTK

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                          **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan W. Wright.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Christa Shimeka Goldbird seeks judicial review of the denial of her application for social security disability benefits.[3] Goldbird last worked as a patient service associate for UAMS Hospital.[4] She claims she has been disabled since April 2011 when she stopped working. She based disability on learning disability, sleep apnea, migraines, and sickle cell trait.[5]

**The Commissioner's decision**. After considering the application, the ALJ identified lumbago, migraine headaches, obesity, and sleep apnea as severe impairments.[6] The ALJ determined Goldbird can do light work that doesn't require frequent bending.[7] Because a vocational expert identified available work,[8] the ALJ determined Goldbird isn't disabled and denied the application.[9]

---

[3]SSA record at pp. 117 & 124 (applying on Sept. 20, 2011 and alleging disability beginning Apr. 25, 2011).

[4]*Id*. at p. 32, 149 & 164.

[5]*Id*. at p. 148.

[6]*Id*. at p. 13. Lumbago, or back pain, is not an impairment; it is a symptom.

[7]*Id*. at p. 16.

[8]*Id*. at p. 51.

[9]*Id*. at pp. 21-22.

After the Appeals Council denied review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11] Goldbird filed this case to challenge the decision.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Goldbird's allegations**. Goldbird challenges the evaluation of her mental impairment and complaints of disabling pain. She claims she is more limited than the ALJ determined. She maintains substantial evidence does not support the ALJ's decision.[14]

---

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14]Docket entry # 8.

**Applicable legal principles**. For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Goldbird can do some light work.[15] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[16] The ALJ required light work that doesn't require frequent bending. For the following reasons, a reasonable mind will accept the evidence as adequate to show Goldbird can do light work:

> 1. **Medical evidence establishes no disabling physical impairment**. The claimant bears the burden of proving she is disabled;[17] she must prove her claim with medical evidence.[18] Goldbird claims she could no longer work at the hospital due to back pain, but the medical evidence shows no serious illness.[19] Doctors prescribed muscle relaxers for muscle spasms and physical therapy, but no strong pain medication. These medical recommendations suggest nothing preventing light work.

---

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[16]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[17]*Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992).

[18]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.").

[19]SSA record at p. 312 ("I've explained her [xray] and MRI (in2007) results which did not show any serious illness.").

2.  **Chronic conditions can be controlled with treatment**. After she stopped working, Goldbird was diagnosed with hypertension.[20] Doctors prescribed anti-hypertension medication, weight loss, and exercise.[21] After treatment, hypertension was well-controlled.[22] Doctors also prescribed medication to prevent migraines and to control headache pain. These medical recommendations indicate Goldbird's symptoms can be controlled with treatment. "An impairment which can be controlled by treatment or medication is not considered disabling."[23]

3.  **Non-compliance undermines the claim**. Before she stopped working, Goldbird was diagnosed with mild sleep apnea.[24] Sleep apnea can cause daytime sleepiness, headaches, interrupted sleep, fatigue, problems with concentration, memory loss, intellectual impairment, anxiety, and depression.[25] Goldbird complained about some of these symptoms.

Her doctor recommended continuous positive airway pressure (CPAP).[26] Her symptoms improved with CPAP,[27] but she didn't use it as prescribed.[28] A claimant who doesn't follow prescribed treatment without

---

[20]*Id*. at p. 347.

[21]*Id*. at pp. 346-47.

[22]*Id*. at p. 387.

[23]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[24]SSA record at p. 250.

[25]Robinson, Richard & Rebecca J. Frey, Sleep Apnea, 5 The Gale Encyclopedia of Med. 4018 (4th ed.).

[26]SSA record at p. 234.

[27]*Id*. at p. 218 (feels rested) & p. 233 (headaches no longer a problem).

[28]*Id*. at p. 218.

good reason is barred from receiving disability benefits.[29]

4. **The ALJ had a sufficient basis for discounting complaints of disabling pain**.  The ALJ must evaluate the claimant's credibility before determining her ability to work.[30]  The ALJ followed the required two-step process and considered the required factors,[31] so the court must determine whether substantial evidence supports the credibility evaluation.

"Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole."[32]  The ALJ properly observed that "claims of debilitated functioning are not consistent with contemporaneous reports of actual functioning.[33]  Goldbird cares for four special needs children while taking college courses.  The ALJ properly reasoned that "the objective medical evidence does not fully support the claimant's allegations."[34]  Goldbird reported endless, uncontrollable pain,[35] but medical providers prescribed muscle relaxers and over-the-counter pain medication.[36]

---

[29]20 C.F.R. §§ 404.1530 & 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

[30]*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992).

[31]*See* SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[32]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[33]SSA record at p. 17.

[34]*Id*. at p. 19.

[35]*Id*. at p. 180.

[36]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (conservative course of treatment undermined claimant's claim of disabling back pain); *Haynes v. Shalala*, 26 F.3d 812, 814-15 (8th Cir. 1994) ("A lack of strong pain medication is inconsistent with subjective complaints of disabling pain."); *Smith v. Shalala*, 987 F.2d 1371, 1374-75 (8th Cir. 1993)

5. **The evidence shows no marked mental limitation**. The regulations specify a special technique for evaluating mental impairment.[37] Goldbird challenges the special-technique findings. The ALJ found Goldbird has mild limitations in activities of daily living, social functioning, and concentration, persistence or pace;[38] Goldbird claims marked limitations.

"A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis."[39] The evidence shows no more than mild limitation. With help from her mother, Goldbird cares for four special needs children, takes the children to appointments, and helps them with homework. She attends college and shops for household necessities. She does laundry and household chores. These activities suggest no marked limitation.

6. **Vocational evidence supports the decision**. The ALJ asked a vocational expert about the availability of light work that does not require frequent bending.[40] The vocational expert identified companion and playroom attendant as representative work.[41] The availability of these jobs shows work exists that Goldbird can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she

---

(upholding credibility evaluation where claimant medical evidence did not support complaint of disabling back pain, claimant had not sought regular medical treatment, physicians only muscle relaxers and mild pain relievers when claimant sought treatment, physicians did not significantly restrict claimant's activities, claimant's activities were inconsistent with disabling pain, claimant did not appear uncomfortable sitting during the hearing, and no witness corroborated complaints of pain).

[37]*See* 20 C.F.R. §§ 404.1520a & 416.920a.

[38]SSA record at p. 15.

[39]20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00C.

[40]SSA record at p. 50.

[41]*Id*. at p. 51.

would be hired if she applied for work.[42]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. Medical evidence shows no impairment preventing light work. Vocational evidence shows work exists that Goldbird can do. The ALJ made no harmful legal error. For these reasons, the undersigned magistrate judge recommends DENYING Goldbird's request for relief (docket entry # 1) and AFFIRMING the Commissioner's decision.

Dated this 3rd day of September, 2015.

_____
United States Magistrate Judge

---

[42] 42 U.S.C. § 1382c(a)(3)(B).